UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

IN RE:

ROBERT GLENN LANDIS,                    :     CASE NO. 24-50117
                                        :     CHAPTER 11
                                        :     JUDGE REBECCA CONNELLY

_____

**NOTICE OF FILING OF DEBTOR'S APPLICATION TO EMPLOY COX LAW GROUP PLLC AS COUNSEL FOR DEBTOR EFFECTIVE AS OF THE PETITION DATE**
_____

**PLEASE TAKE NOTICE** that on March 5, 2024 (the "Petition Date"), Robert Glenn Landis, the debtor and debtor in possession (the "Debtor"), filed the Debtor's Application to Employ Cox Law Group PLLC as Attorneys Effective as of the Petition Date (the "Application"). If any objections are filed, a hearing on the Application will be held on April 18, 2024, at 11:00 A.M. The hearing shall be held by VIDEO CONFERENCE. Parties shall NOT appear in person. Any party opposing the motion or otherwise seeking to be heard should file a timely response (see below) and join the video conference hearing using the following URL and Meeting ID:

| Meeting ID | URL |
| --- | --- |
| The Meeting ID is: 160 369 2643 | www.vawb-uscourts-gov.zoomgov.com/j/1603692643 |

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Application carefully and discuss them with your attorney, if you have one in the Chapter 11 case. (If you do not have an attorney, you may wish to consult one).**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the Application, or if you want the Court to consider your views on the Application then you or your attorney must file a response within 14 days as provided by Local Rule 2014-1, unless a different time is prescribed by any statute, Bankruptcy Rule or pre-hearing order entered by the Court. The response should be filed with the Court at, United States Bankruptcy Court, 1101 Court St., Room 166, Lynchburg, VA 24504, Attn: Clerk of Court. Unless a written response and supporting memorandum are filed and served

by the date specified, the Court may deem any opposition waived and issue an order granting the requested relief without further notice or hearing. If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date required.

You must also mail a copy to:

> COX LAW GROUP PLLC
> Attn:  H. David Cox
> 900 Lakeside Drive
> Lynchburg, VA 24501

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter order granting the relief requested in the Application.

**Dated:  March 15, 2024**          **Respectfully Submitted,**

**ROBERT GLENN LANDIS**

**By Counsel**

By: /s/ H. David Cox
H. David Cox (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Proposed Counsel for the Debtor/Movant

### CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024 a copy of the foregoing notice and *Debtor's Application to Employ Cox Law Group PLLC As Attorneys Effective as of  the Petition Date* was served by first class mail or electronically transmitted to all the parties listed in the matrix maintained in this case, including the following:

(a) U.S. Trustee;
(b) all parties on the mailing matrix;
(c) those creditors holding unsecured claims against the Debtor's estate; and
(d) any other parties on the mailing matrix.

**Dated:  March 15, 2024**          **Respectfully Submitted,**

By: /s/ H. David Cox
H. David Cox, Counsel

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 24-50117 |
| ROBERT GLENN LANDIS, | : | CHAPTER 11 |
| | : | JUDGE REBECCA CONNELLY |

**DEBTOR'S APPLICATION TO EMPLOY COX LAW GROUP PLLC AS COUNSEL FOR DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Robert Glenn Landis (the "Debtor"), the debtor and debtor-in-possession in this Chapter 11 case, hereby applies to the Court pursuant to §§ 105(a) and 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy and Rule 2014-1 of the Local Rules for entry of an order authorizing the retention and employment of Cox Law Group PLLC as attorneys for the Debtor ("Counsel"), effective as of March 5, 2024, as applicable. In support of this Application, Counsel: (i) submit the Declaration of Disinterestedness Pursuant to Bankruptcy Rule 2014(a) attached hereto as **Exhibit A** (the "Declaration") and incorporated by reference; (ii) submit the legal representation agreement (the "Engagement Agreement") between the Debtor and Counsel attached hereto as **Exhibit B**; and (iii) respectfully say:

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 327(a) and 330 of the Bankruptcy Code, Rule 2014(a) and 2016 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Western District of Virginia.

3. On March 5, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor seeks the entry of an order authorizing the employment and retention of Counsel as its attorneys in accordance with the terms and conditions set forth in the Engagement

1

Agreement.

5. The Debtor seeks to retain Counsel because of their expertise and experience in the field of debtors' protections, creditors' rights, and reorganization proceedings under Chapter 11 of the Bankruptcy Code.

6. In preparing for its representation of the Debtor in this Case, Counsel have become familiar with the Debtor's assets and liabilities, as well as many of the legal issues that will arise in the context of this case. These facts render Counsel both well qualified and uniquely positioned to represent the Debtor's interests in these proceedings in an efficient and timely manner. Requiring the Debtor to engage new counsel would impose an undue burden. Moreover, the time and effort that would be necessary for new counsel to become acquainted with the Debtor's financial and legal situations would create inefficiencies that would prejudice the Debtor.

7. Subject to further order of the Court and consistent with the Engagement Agreement, the Debtor requests the employment and retention of Counsel to render the following legal services:

(a) Advising the Debtor with respect to its powers and duties as debtor in possession in the continued management and operation of the assets of their respective estates;

(b) Advising and consulting on the conduct of the case, including all of the legal requirements of operating in Chapter 11;

(c) Attending meetings and negotiating with representatives of Debtor's creditors and other parties in interest;

(d) Taking all necessary action to protect and preserve the Debtor's estates, including prosecuting actions on the Debtor's behalf, defending any actions commenced against the Debtor, and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

(e) Preparing all pleadings, including motions, applications, answers, orders, reports,

2

and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

(f) Advising the Debtor in connection with any potential sale of assets;

(g) Appearing before the Court to represent the interests of the Debtor's estate before the Court;

(h) Taking any necessary action on behalf of the Debtor to negotiate, prepare on behalf of the Debtor, and obtain approval of Chapter 11 plan and documents related thereto; and

(i) Perform all other necessary or otherwise beneficial legal services to the Debtor in connection with prosecution of this case.

8. Counsel intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Western District of Virginia, and any other applicable procedures and orders of this Court. ***Counsel requests authority from the United States Trustee and the Bankruptcy Court, as applicable, to file applications for compensation and reimbursement as frequently as every sixty days.*** Any Court approved fee applications for compensation and reimbursement shall be paid by the Debtor or as may be approved by the Court. All filing fees have been paid. The respective hourly rates and corresponding rate structure to be utilized by Counsel in this Case are the same as the hourly rates charged in other insolvency and non-insolvency business cases.

9. Counsel's services will be provided primarily by H. David Cox whose current hourly rate is $400.00. Other attorneys at the firm may occasionally work on the case at the same or lower hourly rates. To the extent paralegal personnel provide services their time will be billed at $100.00 per hour. Counsel are aware of the provision in § 330(a)(4)(a)(i) of the Bankruptcy Code with respect to unnecessary duplication of services.

10. Counsel will charge for postage in connection with mass mailings and large job copy

3

costs necessary to represent the Debtor; for express delivery; non-local transportation, if any; and other non- local travel expenses.

11. Subject to Court approval in accordance with § 330(a) of the Bankruptcy Code, and subject to any order entered by the Court in this case, the Debtor has agreed to pay for Counsel's legal services on the basis described above and to reimburse it for reasonable expenses incurred during such representation as indicated above. The Debtor understands that Counsel intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for services performed and expenses incurred after the date the petitions were filed, and that Counsel is requesting permission to submit such applications as often as every 60 days.

12. Pursuant to Bankruptcy Rule 2016(b), neither of Counsel has shared or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and attorneys associated with Counsel as to its fees, or (b) any compensation another person or party has received or may receive.

13. To the best of the Debtor's knowledge, and except as disclosed herein and in the Declaration,(a) Counsel and its attorneys are each a "disinterested person" within the meaning of §101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and do not represent an interest adverse to the Debtor's estate; and (b) Counsel does not have any known connection, after due inquiry, to the Debtor, its creditors, or its related parties except as may be disclosed in the Declaration.

14. Counsel will periodically review its files during the pendency of these cases to ensure that no conflicts or other disqualifying circumstances exist or arise. Should relevant facts or relationships be discovered or arise, Counsel will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

15. Except as disclosed in the Declarations, neither Counsel nor any member of the firm is associated with:

(a) the Debtor;

(b) the creditors of the Debtor and other parties in interest;

(c) parties to significant litigation with the Debtor;

(d) the attorneys and other professionals that the Debtor, creditors, and other parties in interest have identified for employment in this chapter 11 case in applications filed on or since the petition date;

(e) the United States Trustee; and

(f) any persons employed in the Office of the United States Trustee.

16. The proposed employment of Counsel is neither prohibited by nor improper under Bankruptcy Rule 5002. Counsel and the professionals they employ are qualified to represent the Debtor in the matters for which the firm is proposed to be employed.

17. To the best of the Debtor's knowledge, information and belief, Counsel does not hold or represent any interest adverse to the Debtor or the bankruptcy estate in the matters for which it is proposed to be retained, except as otherwise disclosed herein. Accordingly, the Debtor believe that each of Counsel is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code. The Debtor submits that employment of Counsel would be in the best interest of the Debtor, the bankruptcy estate, and the Debtor's creditors.

18. Notice of this Application has been provided to the U.S. Trustee pursuant to Local Rule 2014-1. Absent objections within 14 days from the date of this application, the Court may enter an order approving the application without the necessity of holding a hearing pursuant to Local Rule 2014-1.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order authorizing the Debtor to retain and employ Cox Law Group PLLC effective as of March 5, 2024, as counsel pursuant to § 327 of the Bankruptcy Code on the terms and conditions described in the Engagement Agreement,

5

with compensation and expenses to be paid as administrative expenses of this case.

**Dated:  March 15, 2024**              **Respectfully Submitted,**

                                                                  **ROBERT GLENN LANDIS**

                                                                  **By Counsel**

By: /s/ H. David Cox
H. David Cox   (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Proposed Counsel for the Debtor/Movant

6

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

IN RE:

ROBERT GLENN LANDIS,

: CASE NO. 24-50117
: CHAPTER 11
: JUDGE REBECCA CONNELLY

# EXHIBIT A

### DECLARATION IN SUPPORT OF APPLICATION TO RETAIN AND EMPLOY COX LAW GROUP PLLC AS COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE

I, H. David Cox, am a member in good standing of the Virginia State Bar and I am admitted to practice before the District Court for the Western District of Virginia and the United States Bankruptcy Courts of Virginia. I am a member of Cox Law Group PLLC ("CLG") and am authorized to make this Declaration on behalf of my law firm. The facts set forth in this statement are personally known to me and, if called as a witness, I would testify as follows:

1. CLG is experienced in the services it has agreed to perform.

2. Neither CLG nor any member thereof is associated with: (a) the Debtor; (b) the creditors of the Debtor and other parties in interest; (c) parties to significant litigation with the Debtor; (d) any other professional that the Debtor, creditors, and other parties in interest have identified for employment in this case in applications filed on or since the petition date; (e) the United States Trustee; or (f) any persons employed in the Office of the United States Trustee, except as follows: none.

3. Except as otherwise disclosed in this Declaration, CLG has not represented the Debtor, its creditors or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estates. If any conflicts of interest arise, I will immediately disclose such conflicts to the Court, the U.S. Trustee, and appropriate creditors and other parties in interest. The proposed employment of CLG is neither

prohibited by nor improper under Bankruptcy Rule 5002. CLG and the professionals it employs are qualified to represent the Debtor in the matters for which the firm is proposed to be employed.

4. To the best of my knowledge, neither I nor my firm holds or represents an interest adverse to estate of the Debtor.

5. Prior to the Petition Date, CLG was paid a total of $6,258.00, consisting of the following charges: $4520.00 in attorney's fees and $1738.00 for the chapter 11 filing fee. Neither I nor my firm has received any compensation during this case post-petition. To the extent any compensation is awarded to my firm, neither my firm nor I have agreed to share any compensation paid in this case with any other party.

6. The fees CLG has agreed to charge in this case are set forth in the Engagement Agreement attached to the Application. CLG and its professionals understand that detailed records of time and expenses must be kept.

Dated: March 15, 2024

/s/ H. David Cox

By: /s/ H. David Cox
H. David Cox  (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Proposed Counsel for the Debtor/Movant

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

**IN RE:**

**ROBERT GLENN LANDIS,**

**:　　CASE NO. 24-50117**
**:　　CHAPTER 11**
**:　　JUDGE REBECCA CONNELLY**

# EXHIBIT B

## ENGAGEMENT AGREEMENT

**COX LAW GROUP**
*The Way Forward.*

900 Lakeside Drive
Lynchburg, VA 24501

1.800.254.2760
CoxLawGroup.com

David Cox
David E. Wright
Janice Roy Hansen
Heidi B. Shafer

March 1, 2024

Robert Landis
124 Woods Place
Winchester, VA 22602
By email: ppilandis@yahoo.com

RE:    Legal Services Engagement Letter Agreement

Dear Rob:

    Thank you for reaching out to my firm for assistance. We intend to serve you well. This letter will detail the terms of the agreement between you (hereinafter, collectively referred to as "Client") and David Cox of COX LAW GROUP, PLLC, of 900 Lakeside Drive, Lynchburg, VA 24501 (hereinafter referred to as "CLG") for legal services and representation.

    CLG will provide legal services to the Client, and the scope of the services CLG will render, the manner of calculating, billing, and collecting legal fees, and other aspects of the proposed representation are mutually agreed to be as follows:

    A.    <u>Services to Be Provided</u>.

    The Client has engaged CLG to undertake the legal representation of the Client in a matter involving the following: **Analyzing the debt claims against Client and asset interests of Client in order to advise Client regarding how to manage and/or address the debt, including a possible bankruptcy filing.** CLG will not perform legal services other than those specified above without consultation with and authorization from the Client.

    B.    <u>Excluded Services</u>.

    CLG will not provide the Client with tax advice. The Client will retain others for those purposes.

    C.    <u>Lien Search Requirement</u>.

    As a prerequisite, CLG deems it essential that lien searches be performed on the Client's assets for two purposes: (i) to determine which creditors recorded instruments among the public records that assert liens against the Client's interest in the property, and (ii) to determine whether any asserted liens may be unenforceable. CLG will employ independent services to conduct these lien searches. The Client will be responsible for the cost of these lien searches.

Lynchburg
900 Lakeside Drive
Lynchburg, VA 24501
P. 434.845.2600
F. 434.845.0727

Danville
122 S. Market Street
Danville, VA 24541
P. 434.791.4711
F. 434.845.0727

Staunton
119 S. Augusta Street
Staunton, VA 24401
P. 540.294.4562
F. 434.845.0727

Winchester
609 Cedar Creek Grade
Suite A
Winchester, VA 22601
P. 540.931.0913
F. 434.845.0727

Harrisonburg
100 S. Mason Street, Suite D
Harrisonburg, VA 22801
P. 540.689.0904
F. 434.845.0727

*Please send all mail to our Lynchburg office.*

D.  Determination of Fees for Service.

1.  In accordance with the Virginia Rules of Professional Conduct governing attorneys, attorney fees may be based upon several factors including the amount of time required, the complexity of the matter, the time frame within which work must be performed, the attorney's experience, ability and reputation, the responsibility involved, and the results attained. CLG will perform all services at CLG's hourly rates, which are stated in the following schedule:

| Billing Professional | Position | Office | Billing Rate |
| --- | --- | --- | --- |
| David Cox | Member/Attorney | Lynchburg | $400 |
| David Wright | Member/Attorney | Lynchburg | $300 |
| Janice Hansen | Member/Attorney | Lynchburg | $300 |
| Heidi Shafer | Member/Attorney | Lynchburg | $300 |
| Tracy Lombre | Paralegal | Lynchburg | $100 |
| Leanette Watkins | Paralegal | Lynchburg | $100 |
| Shamesse Carr | Paralegal | Lynchburg | $100 |

2.  Upon request, CLG will provide estimates of the cost for specific portions of their services, but CLG is not in a position to agree to a fixed fee because of the broad range of work that may be required, the uncertainty of the time it will take, and the complexity of the Client's needs.

3.  **An initial retainer fee of $10,000 is required in this matter.** The retainer will be deposited in the CLG trust account and may be applied toward the monthly fees and costs incurred in this matter. Charges above the retainer are the responsibility of the Client and must be paid timely.

4.  Cox Law Group reserves the right to withdraw from representing Client for nonpayment of fees and costs if the retainer is not replenished as agreed herein. To the extent the Client fails to comply with the invoice and retainer payment requirements described in this agreement, Client will remain liable for the same and for the consequences (to include the termination of representation) for the default in such invoice and retainer payment requirements.

E.  Firm Personnel.

CLG's attorneys have varying areas of expertise, amounts of experience, and billing rates. CLG will attempt in each instance to provide services in the most efficient manner. To accomplish this goal, the Client agrees that David Cox will have principal responsibility for the Client's general representation. However, CLG reserves the right to assign the particular attorneys and paralegals who will be working on the Client's behalf. Typically, more junior personnel will provide whatever services they can appropriately perform, such as research and drafting. More senior personnel will need to discuss with them specific assignments and the results of research and drafting, and attorneys within the firm may need to confer on certain aspects of the representation to provide levels of expertise appropriate to the

Client's legal needs. CLG will discuss the assignment of CLG personnel with the Client at the Client's request.

F. Disbursements and Expenses.

CLG may incur various expenses in providing services. The Client agrees to pay all such expenses and to reimburse CLG for all out-of-pocket expenses that CLG pays on the Client's behalf. Whenever possible, CLG will forward bills for any expenses incurred on the Client's behalf directly to the Client, and the Client agrees to make prompt, direct payment to the originator of these bills. Expenses that may be incurred include, but are not necessarily limited to, charges for serving and filing papers, courier and messenger services, recording and certifying documents, deposition transcripts, investigations, expert witness fees, long-distance telephone calls, facsimile charges, copying charges, and any significant travel expenses.

G. Client Cooperation.

The Client will cooperate with CLG fully and provide all the information CLG needs to represent the Client. The Client will contact CLG promptly concerning new or changed information that pertains to the subject of this representation.

H. Scope of Representation.

CLG is not responsible for legal matters for which CLG's services or advice have not been specifically requested and confirmed by CLG in writing.

I. The Client's Right to Terminate Representation.

The Client reserves the right to terminate this representation with or without cause. The Client needs to notify CLG in writing if the Client wants to terminate CLG's representation. When CLG receives the Client's written notice of termination, CLG will stop all legal work on the Client's behalf immediately. The Client will promptly reimburse CLG for all fees, charges and expenses incurred pursuant to this agreement before the date of the written notice of termination.

J. Waiver of Warranties.

CLG's entitlement to the fees and reimbursements for disbursements described above is not contingent upon the final outcome of any particular matter that the Client has requested CLG to undertake. CLG cannot and does not warrant or predict final developments or results of any matter.

K.  **CLG's Right to Terminate Representation.**

CLG reserves the right to terminate CLG's representation (to the extent permitted by applicable ethical and court rules) at any time if the Client breaches any material term of this agreement or fails to cooperate or follow CLG's advice on a material matter, if conflict of interests develop or are discovered, or if there exists at any time any fact or circumstance that would, in CLG's opinion, render CLG's continuing representation unlawful, unethical, or otherwise inappropriate. If CLG elects to terminate their representation, the Client will take all steps reasonably necessary and will cooperate as reasonably required to free CLG of any further obligation to perform legal services, including the execution of any documents necessary to complete CLG's withdrawal from representation. In such case, the Client agrees to pay for all legal services performed and expenses incurred before the termination of CLG's representation in accordance with the provisions of this agreement.

L.  **Fees and Expenses Incurred to Collect Amounts Owing.**

The Client hereby agrees that CLG shall be entitled to recover its reasonable attorney fees and out-of-pocket expenses incurred by CLG to collect any amounts that remain owing to CLG at the termination of this Agreement, including the fees and expenses of outside counsel if CLG deems it appropriate to engage outside counsel to collect the same.

M.  **Entire Agreement.**

This agreement constitutes the entire agreement between the parties to it and may not be modified except in writing signed by the parties or their authorized representatives.

N.  **Binding Effect.**

This agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and permitted assigns.

O.  **Assignment.**

This agreement may not be assigned by either party except with the written consent of the other party, except to the extent that CLG's employment of other attorneys and third parties is expressly contemplated in this agreement.

P.  **Controlling Law.**

This agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia in effect at the time of such construction or enforcement, except Virginia's choice of law statutes and doctrines.

If the foregoing terms are acceptable, please sign and return one copy of this letter, forward payment of the retainer, and submit the documents requested in Exhibit A.

Sincerely yours,

**Cox Law Group, PLLC**

By: _____
H. David Cox

Agreed: _____
Robert Landis